[Crim. No. 3458.  First Dist., Div. One.  July 13, 1959.]

THE PEOPLE, Respondent, v. JOSEPH TRAVIS et al., Appellants.

Leslie C. Gillen, Henry Gross and Rodney H. Washburn, of Counsel, for Appellants.

Edmund G. Brown and Stanley Mosk, Attorneys General, Clarence A. Linn, Chief Assistant Attorney General, and Peter T. Kennedy, Deputy Chief Assistant Attorney General, for Respondent.

BRAY, P. J.—Defendants were indicted for violation of section 182, Penal Code, conspiracy to commit theft (Pen. Code, § 484), to commit bribery (Pen. Code, § 67½), and to pervert and obstruct justice and the due administration of the laws (Pen. Code, § 182, subd. 5). They waived a jury. The court, after a trial, found both guilty of attempted petty theft, which it found was a lesser included offense. Motions for new trial were denied. Defendants were sentenced to the county jail for 90 days, one day to be suspended. They appeal from the judgment of conviction and the order denying new trial.

QUESTIONS PRESENTED

1. Is attempted petty theft an included offense in the crime of criminal conspiracy?

2. Can the judgment be corrected?

FACTS

The prosecution arose out of two traffic citations issued to Robert Marsili, whose driver's license had been revoked. Defendant Travis said that he could "fix" the tickets, and asked Marsili to meet him at defendant Kilberg's liquor store. At that meeting Kilberg told Marsili that it would cost $250 to fix the tickets. Marsili gave Kilberg the tickets. Marsili's employer contacted the police, and Marsili told the police his story. The police told Marsili to get his tickets back. Both defendants told Marsili that to get the tickets back it would cost $50 for the trouble incurred; Kilberg added "for the different sergeants and everything like that, you know." Travis said that through Kilberg the tickets still could be fixed if Marsili could raise the $250. The police gave Marsili that sum which Marsili gave to Travis, who was then arrested. Later Kilberg was arrested. The court found defendants "guilty of a lesser and included offense of the crime of Misdemeanor, to-wit: Attempted Petty Theft."

1. IS PETTY THEFT INCLUDED?

The attorney general concedes that it is not. The indictment charged defendants with a *conspiracy* to do three acts. The rule is well established in this state that a person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information whether or not there was evidence at his trial to show that he had committed that offense. (*In re Hess,* 45 Cal.2d 171, 175 [288 P.2d 5].)

It is also a well established rule that conspiracy is a distinct offense from the actual commission of the offense forming the object of the conspiracy and that guilty parties may be legally convicted of both offenses. (*People* v. *Robinson,* 43 Cal.2d 132 [271 P.2d 865]; *People* v. *Moore,* 143 Cal.App.2d 333 [299 P.2d 691].) In *People* v. *Shaw,* 115 Cal.App.2d 597 [252 P.2d 670], we held that criminal conspiracy to commit grand theft and grand theft are separate and distinct crimes. In *People* v. *Kefry,* 166 Cal.App.2d 179, 191 [332 P.2d 848], we held that the defendant could be convicted of conspiracy to receive stolen property and of receiving stolen property and burglary.

Since theft is not an included offense in conspiracy to commit theft, and since the indictment did not charge defendants with the substantive crime of theft, the judgment of attempted petty theft may not stand.

## 2.  CAN THE JUDGMENT BE CORRECTED?

■ Plaintiff contends that the judge intended to acquit defendants of the conspiracy to obstruct justice and to commit bribery but to convict them of conspiracy to commit attempted petty theft.  An examination of the record fails to support this contention.  After the taking of evidence counsel asked and received permission to submit briefs.  Thereafter court convened and the judge stated to the defendants that he had discussed the case in chambers with counsel.  He then stated "there has been no evidence as far as the charge to prevent and obstruct justice is concerned. . . . Now, I'm finding you not guilty on that charge.  On the other charge of bribery, that also holds true, that there's no evidence showing that any act was done to bribe anyone.  Now, on the first charge of theft. . . . It seems to me that you are guilty of petty theft. . . . I'm finding you not guilty of the two charges and I'm finding you guilty of an attempt of petty theft."  Then a discussion ensued between the court and counsel as to whether attempted petty theft was an included offense, the district attorney contending that it was not, defense counsel contending that there was no evidence of such an attempt.  The clerk then asked the court if he should "[a]rraign them on the attempted petty theft?  Found guilty?"  The court: "Very well."  The clerk then informed defendants that they had been found guilty of the crime of misdemeanor, to wit, attempted petty theft, and asked if they had any reason why judgment should not be pronounced.  After a discussion about bail and a time for hearing of a motion for new trial, defense counsel stated that they understood the court's action to be an acquittal of defendants on the conspiracy to commit theft and a finding of guilty of an attempt to commit petty theft, a substantive offense.  Further colloquy ensued in which the court said: "I intended to find them guilty on that first—on an attempted petty theft, which I feel that I can, under that first charge."  Defense counsel then stated: ". . . your Honor is then finding them guilty of a misdemeanor and a substantive offense."  The court: "An included offense . . ."  "MR. GILLEN [counsel for defendant Kilberg] : So I think that it is tantamount to an acquittal of conspiracy; and I think it should be worded in the record.  THE COURT: No, because then I can visualize that you'd say, 'Well, you found them not guilty on all three charges; so, therefore, you couldn't find them guilty on the

petty theft.' MR. GILLEN: No, you could, you could find them guilty on an included offense. THE COURT: That might be the effect of that. MR. GILLEN: I don't think so. I don't see how you can let that stand without—— THE COURT: I would prefer to do it that way.''

A couple of months later after defendants had withdrawn their motions for probation, judgment was pronounced as follows: ''That whereas, Joseph Travis and Abraham Kilberg, having been convicted of the crime of Misdemeanor, to wit: Attempted Petty Theft. It is therefore ordered adjudged and decreed that they be punished by imprisonment in the County Jail . . .''

Assuming, but not deciding, that had the court intended to find defendants guilty of conspiracy to commit attempted petty theft* instead of the substantive offense, it could change its judgment to so show, it is obvious from the statements of the judge, the ''arraignment'' by the clerk and the judgment itself, that the judge had no such intention. The judge definitely was of the opinion, in spite of the contention of the district attorney to the contrary, that the substantive crime of attempted petty theft was an included offense in conspiracy to commit theft and of that was what he desired to find defendants guilty. He did not wish to find defendants not guilty of conspiracy to commit theft for fear that such finding would release defendants from the lesser offense which he considered included therein. He knew that the finding of defendants guilty of an included offense would automatically constitute an acquittal of the greater offense.

In view of our determination of the foregoing issues, it becomes unnecessary to discuss the other contentions of the defendants.

The judgment is reversed. The trial court is instructed to discharge the defendants.

Wood (Fred B.), J., and Tobriner, J., concurred.

---

*And assuming also that there is such a crime as conspiracy to attempt to commit petty theft. Conspiracy imports an agreement to commit a crime and it seems doubtful, to say the least, that persons would agree to merely *attempt* to commit a crime as distinguished from agreeing to commit it. Moreover, if persons conspire to commit a particular crime, they could be guilty of the conspiracy regardless of whether the substantive crime was actually consummated or not.