Opinion
 

 ELKINGTON, J.
 

 Carlo S., a minor, was accused by a Welfare and Institutions Code section 602 petition of committing an act described by Penal Code section 245 as “assault.'. .by any means of force likely to produce great bodily injury,” a felony. Following a contested jurisdictional hearing the minor was found by the juvenile court to have committed the act proscribed by Penal Code section 148 and generally described as obstructing a police officer in the discharge of his duties. The petition had not been amended and the minor remained silent, neither consenting nor objecting to the juvenile court’s determination of his offense.
 

 The appeal before us was taken by the minor from an order granting probation which was thereafter entered against him.
 

 The Penal Code section 148 offense is concededly, and obviously, not a lesser offense necessarily included in a charge of assault by means of force likely to produce great bodily injury.
 

 The question presented is whether the juvenile court may, without appropriate amendment to the charging petition or previous notice to the minor, find him “guilty” of an
 
 uncharged,
 
 and
 
 unincluded,
 
 lesser offense, in cases where the minor remains silent and “made no objections to the procedure. . . .”
 
 (In re Stanley B.,
 
 17 Cal.App.3d 530, 536 [ 95 Cal.Rptr. 116].)
 

 
 *380
 

 In re Gault,
 
 387 U.S. 1, 33 [18 L.Ed.2d 527, 549, 87 S.Ct. 1428], holds that due process requires that “the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.” And, as is well known,
 
 In re Gault
 
 and related high authority
 
 generally
 
 require that such minors otherwise receive the due process protections which are afforded adult persons charged with crime.
 

 Our Supreme Court has held that: “A person cannot be convicted of an offense (other than a necessarily included offense) not charged . . . , whether or not there was evidence at his trial to show that he had committed that offense.”
 
 (In re Hess,
 
 45 Cal.2d 171, 174-175 [288 P.2d 5], and see authority there collected; see also
 
 People
 
 v.
 
 Cannady,
 
 8 Cal.3d 379, 389-390 [105 Cal.Rptr. 129, 503 P.2d 585];
 
 People
 
 v.
 
 Puckett,
 
 44 Cal.App.3d 607, 611 [118 Cal.Rptr. 884];
 
 In re Ball,
 
 23 Cal.App.3d 380, 384 [100 Cal.Rptr. 189];
 
 People
 
 v.
 
 Calder,
 
 6 Cal.App.3d 931, 934 [86 Cal.Rptr. 446];
 
 People
 
 v.
 
 Lewis,
 
 186 Cal.App.2d 585, 599-600 [9 Cal.Rptr. 263];
 
 People
 
 v.
 
 Travis,
 
 171 Cal.App.2d 842, 844 [341 P.2d 851];
 
 People
 
 v.
 
 Feldman,
 
 171 Cal.App.2d 15, 23 [339 P.2d 888].)
 

 The court, in such a situation, lacks “jurisdiction” to so convict the accused.
 
 (In re Hess, supra,
 
 p. 175;
 
 People
 
 v.
 
 West,
 
 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409];
 
 In re Johnny V,
 
 85 Cal.App.3d 120, 136 [149 Cal.Rptr. 180];
 
 People
 
 v.
 
 Wilson,
 
 271 Cal.App.2d 60, 62 [76 Cal.Rptr. 195].) And where the court is without
 
 jurisdiction,
 
 an accused by his “silence,” or “acquiescence,” may not confer it. “Lack of jurisdiction may not be waived, nor may jurisdiction be stipulated.”
 
 (People
 
 v.
 
 Blakeman,
 
 170 Cal.App.2d 596, 598-599 [339 P.2d 202]; see also
 
 Sampsell
 
 v.
 
 Superior Court,
 
 32 Cal.2d 763, 776 [197 P.2d 739];
 
 People
 
 v.
 
 Megladdery,
 
 40 Cal.App.2d 748, 762 [106 P.2d 84];
 
 In re Garrity,
 
 97 Cal.App. 372, 376 [275 P. 480].)
 

 The foregoing authority, we believe, is controlling.
 

 We are unable to accept the authority, or rationale, of
 
 In re Stanley B.’s
 
 dicta
 
 (supra,
 
 17 Cal.App.3d, p. 536) that the minor had “received the benefit of a dismissal of the more serious offense . . . where the evidence supported such conviction [, and that as] a matter of fact, appellant was lucky in that the court was so lenient; ...” A proper interpretation of the proceedings would seem to be that the juvenile court had concluded that
 
 *381
 
 the “more serious offense” had not been established beyond a reasonable doubt, and that the minor was neither “lucky,” nor the court “lenient.” It will reasonably be presumed that had the charge been properly supported, the juvenile court would have so found.
 

 The order granting probation is reversed.
 

 Racanelli, P. J., and Newsom, J., concurred.
 

 On July 23, 1979, the judgment was modified to read as printed above.