[Crim. No. 35019. Second Dist., Div. Four. Jan. 14, 1980.]

In re TAMMIE J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
TAMMIE J., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and John H. Scott, Acting Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—The minor appeals from an order finding her to be a person coming under section 602 of the Welfare and Institutions Code and ordering her suitably placed. We reverse.

The minor was charged with burglary—a violation of section 459 of the Penal Code. After a hearing, she was found not guilty of burglary but guilty of tresspass as defined in subdivision (j) of section 602 of the Penal Code. This case is on all fours with *In re Carlo S.* (1979) 94 Cal.App.3d 377 [156 Cal.Rptr. 442]. In that case a minor was charged with assault under section 245 of the Penal Code; he was found guilty of a violation of section 148 of that code—a nonincluded and uncharged offense. The minor had stood silent when the ruling was announced. The appellate court reversed. ■ Here the offense of which the minor was found guilty—subdivision (j) of section 602 of the Penal Code—is not an included offense within a charge of burglary. (*People*

v. *Harris* (1961) 191 Cal.App.2d 754 [12 Cal.Rptr. 916].) The same result will follow.

The order is reversed.

Files, P. J., and Swearinger, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.