[Crim. No. 22296. May 20, 1982.]

In re Robert G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ROBERT G., Defendant and Appellant.

**COUNSEL**

Wallace J. Lauria, under appointment by the Supreme Court, for Defendant and Appellant.

Quin Denvir, State Public Defender, and Jonathan B. Steiner, Chief Assistant State Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Michael Nash, Beverly K. Falk and Jane M. Began, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RICHARDSON, J.**—Robert G., a minor, appeals from his adjudication as a ward of the juvenile court, pursuant to section 602 of the Welfare and Institutions Code, based upon a finding that he had committed a battery in violation of section 242 of the Penal Code. Appellant advances due process challenges to the adjudication, claiming that he was not given adequate notice that the People would seek to sustain the wardship petition on that finding because he was neither specifically charged with battery nor was battery a necessarily included lesser offense within the crime of assault with a deadly weapon (Pen. Code, § 245, subd. (a)) with which he was charged. We agree with appellant's constitutional claim and reverse the judgment of the juvenile court.

The section 602 petition to the Los Angeles County Juvenile Court to have appellant declared a ward of that court recited that: "On or about May 13, 1980, within the County of Los Angeles, said minor did wilfully and unlawfully commit an assault upon [a victim] with a deadly weapon, to wit, a rock, and by means of force likely to produce great bodily injury, thereby violating § 245(a) [of the Penal Code], a Misdemeanor." Appellant denied the allegations and an adjudication hearing was held. (See Welf. & Inst. Code, § 675 et seq.)

Undisputed evidence established that while appellant, who was then 14 years of age, was in the parking lot of Burbank Junior High School, he threw two rocks. One hit the school building and the other, about one inch in diameter, struck the school custodian in the back.

At this point, appellant moved for acquittal on the ground, among others, that a one-inch rock could not be classified as a deadly weapon and that he could not, therefore, be found to have violated Penal Code section 245, subdivision (a), as charged. While agreeing with appellant that such a rock could not be a deadly weapon, the court denied the motion for acquittal. When appellant rested without presenting evi-

dence, the prosecution requested that the court sustain the petition on the ground that appellant's commission of another offense, namely, battery (Pen. Code, § 242), had been established by the evidence at the adjudication hearing. Acknowledging that battery was not a lesser offense necessarily included within the assault with a deadly weapon charge, the prosecution argued that battery nonetheless had been established by the evidence that a rock had, in fact, struck the custodian, and that no prejudice would result to appellant by amendment of the petition to conform to that evidence and by sustaining it as amended. Over appellant's objection, the petition was accordingly amended and thereupon sustained.

On appeal, appellant repeats the contention which he had urged upon the trial court that he was denied procedural due process because he was not given notice that the prosecution would seek to sustain the wardship petition on the claim that he had committed a battery. He argues that his defense was directed to the charge of assault with a deadly weapon as contained in the petition. Under our recent decision in *People v. Lohbauer* (1981) 29 Cal.3d 364 [173 Cal.Rptr. 453, 627 P.2d 183], he claims he could not be adjudged a ward of the court on the basis of a finding that he had committed an offense which was neither specifically charged in the accusatory pleading nor necessarily included within a charged offense, without his consent to the substituted charge. We agree.

In *Lohbauer* we reversed an adult criminal defendant's conviction of trespass (Pen. Code, § 602.5) on an information which charged him with burglary (*id.*, § 459). We noted that "'When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." [Citation.]' (*People v. West* (1970) 3 Cal.3d 595, 612 ....)" (*Lohbauer, supra*, 29 Cal.3d at p. 368.)

We explained further in *Lohbauer* that the notice required by due process is given, with respect to lesser offenses, *either* "when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense" (*Lohbauer, supra*, 29 Cal.3d at pp. 368-369; see *West, supra*, 3 Cal.3d

at p. 612 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456]), *or* when "the lesser offense is 'necessarily included' within the statutory definition of the charged offense . . . ." (*Lohbauer, supra*, at p. 369; see Pen. Code, § 1159.) We further reaffirmed, in familiar language, the well settled principle that "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. [Citations.] (*People* v. *Pendleton* (1979) 25 Cal.3d 371, 382 . . . .)" (29 Cal.3d at p. 369, quotation marks omitted; see *People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512].) Because burglary can be committed by one who has permission to enter a dwelling (*Pendleton, supra*, at p. 382 [158 Cal.Rptr. 343, 599 P.2d 649]), we concluded that trespass—or, entering a dwelling *without* permission—is not an offense necessarily included within the charge of burglary under this test. Having found that trespass was neither specifically charged nor necessarily included within the burglary charge, we therefore concluded that "defendant's conviction of the lesser offense may not be sustained 'whether or not there was evidence at his trial to show that he had committed that offense.' (*In re Hess* (1955) 45 Cal.2d 171, 175 . . . and cases there cited.)" (*Lohbauer, supra*, at p. 369.)

It is apparently conceded that appellant was not accused of battery in the language of the wardship petition here. The requisite physical contact to the person is nowhere alleged therein. It is also well established that the offense of battery is not necessarily included within the charge of assault with a deadly weapon. Such an assault may, of course, be committed without "any willful and unlawful use of force or violence upon the person of another" (Pen. Code, § 242) and thus without a battery. (*People* v. *Yeats* (1977) 66 Cal.App.3d 874, 878 [136 Cal.Rptr. 243]; *People* v. *Fuller* (1975) 53 Cal.App.3d 417, 422 [125 Cal.Rptr. 837].) Accordingly, if appellant was an adult criminal defendant, *Lohbauer* would compel a reversal of his conviction.

The People urge, however, that because appellant is a juvenile, different rules apply. They note that Welfare and Institutions Code section 678 provides for the application to juvenile court proceedings of the liberal rules relating to variance and amendment of pleadings set forth in the Code of Civil Procedure. Drawing upon this statute, they argue that the juvenile court has authority to permit the amendment of the accusatory pleading to conform to the proof so long as the juvenile has not been misled to his prejudice in maintaining his defense. (See Code Civ.

Proc., §§ 469, 470.) Under the present circumstances, the People conclude, no such prejudice occurred.

We cannot agree. In *Lohbauer* we rejected a strikingly similar contention that any variance between an offense charged and a lesser offense of which a defendant is convicted should be deemed immaterial unless it could be shown that "'the defendant was misled to his prejudice and prevented from preparing an effective defense.'" (*Lohbauer, supra*, 29 Cal.3d at pp. 369-370.) We first noted that statutory authorization for convicting a defendant of a "necessarily included" offense had uniformly required application of the *Pendleton* test. (*Id.*, at p. 370; see Pen. Code, § 1159.)

Equally important to our rejection of a new standard for immaterial variances, however, were due process implications. We observed: "It may be very difficult to ascertain from developments which occur during trial whether a defendant is 'misled to his prejudice' and 'prevented from preparing an effective defense.' It may never be known with any confidence after a conviction what defenses might have been asserted had defendant been given adequate and advance notice of the possible offenses for which he was criminally vulnerable. *Insisting that he be informed in the accusatory pleading of the charges against him, on the other hand, fully satisfies a well established fundamental of due process.*" (*Lohbauer, supra*, 29 Cal.3d at p. 370, italics added.)

The foregoing concerns are no less relevant to juvenile court proceedings. "[D]ue process requires that a minor, like an adult, have adequate notice of the charge so that he may intelligently prepare his defense. (*In re Gault* (1967) 387 U.S. 1, 33 ....)" (*In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345].) Compliance with this requirement has been held by the Supreme Court to mandate that the minor "be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation." (*In re Gault, supra*, 387 U.S. at p. 33 [18 L.Ed.2d 527, at p. 549, 87 S.Ct. 1428].)

In language particularly appropriate in the present context we have declared: "But notice is adequate and due process is served when the trier of fact is permitted to find an accused guilty of an offense *necessarily included* in that with which he is charged [citation] *or* of a lesser

offense which, although not necessarily included in the statutory definition of the offense, is *expressly pleaded* in the charging allegations. [Citation.] Since the original petition must state the facts to support the conclusion that the minor is within [Welfare and Institutions Code] section 602 ... and is otherwise demurrable, adequate notice to comport with the requirements of due process is assured." (*In re Arthur N., supra*, 16 Cal.3d at p. 233, italics added.) It is true that we noted in *Arthur N.* that the gravamen of a wardship petition was proving that a minor had committed *a* criminal offense, and not necessarily *the* offense alleged in the petition. (*Id.*, at p. 232.) However, we also acknowledged in *Arthur N.* that in order to provide the minor with the notice required by due process, the findings adequate to sustain a petition were limited to proof that "the minor committed an offense *included within* that charged in the petition." (*Id.*, at p. 233, italics added.)

We carefully explained in *Arthur N.* the effect of the foregoing notice requirement upon the statutory authorization for applying rules of civil procedure to juvenile court matters (see Welf. & Inst. Code, § 678), as follows: "In thus permitting amendments to conform to proof (Code Civ. Proc., §§ 470, 471) when the minor has not been misled in preparing his defense and will not be prejudiced thereby (Code Civ. Proc., § 469), the Legislature has demonstrated its intention to permit the court to sustain a petition if the evidence, while insufficient to establish that the minor committed the charged offense, is nonetheless adequate to prove *a lesser, included offense.*" (*Arthur N., supra*, 16 Cal.3d at pp. 233-234, italics added.) From our previous discussion of the issue in that case, it is clear that the italicized language referred to a "necessarily included" offense. (*Id.*, at p. 233.) Thus, in *Arthur N.*, the rules permitting liberal amendment in civil matters to cure immaterial variances were reconciled with the requirements of due process of law in juvenile proceedings. The limitation there imposed upon the former represents a reasonable accommodation to the demands of the latter.

The People, however, rely upon two cases which permitted amendment of a wardship petition to conform to the evidence offered at the adjudication hearing. In each case the evidence tended to establish that the minor had committed an uncharged, unincluded offense. Amendment was allowed because neither minor was able to show that he was misled to his prejudice by the amendment. (See *In re Beverly H.* (1980) 103 Cal.App.3d 1 [162 Cal.Rptr. 768]; *In re Joe R.* (1970) 12 Cal. App.3d 80 [90 Cal.Rptr. 530].) *Joe R.* was followed by *In re Stanley B.*

(1971) 17 Cal.App.3d 530 [95 Cal.Rptr. 116], which offered the additional rationale that "appellant was lucky in that the court was so lenient" in finding that he had committed an offense which was less serious than that originally charged. (*Id.*, at p. 536.)

We first observe that no objection was made to the substituted lesser charge in any of these cases. (See *Beverly H., supra*, 103 Cal.App.3d at p. 7; *Stanley B.* (1971), *supra*, 17 Cal.App.3d at p. 536; *Joe R., supra*, 12 Cal.App.3d at p. 85.) While such failure to object may not invariably bar a minor from raising the due process claim here asserted, it may well be that the minors' varying degrees of acquiescence in the filing of substituted allegations in each of these cases constituted a consent thereto, and such consent was the one exception to the rule which we adopted in *Lohbauer*. (*Lohbauer, supra*, 29 Cal.3d at p. 367.) In the present matter, however, no such exception is applicable because appellant's objection to the amendment substituting a new charge after completion of the evidentiary hearing was duly noted, and consistently pressed.

Moreover, we have specifically disapproved *Beverly H.* and similar cases to the extent that they adopt the People's reasoning to allow amendment of the accusatory pleading unless an appellant can show he was prejudiced thereby. (See *Lohbauer, supra*, 29 Cal.3d at p. 372.) No new argument is offered to persuade us otherwise.

Indeed, without distinguishing between criminal and juvenile matters, several decisions of the Court of Appeal already have adopted *Lohbauer*-type reasoning to reverse wardship adjudications which were based on findings that a minor had committed an offense which was neither specifically alleged nor necessarily included within an alleged offense. (*In re Tammie J.* (1980) 101 Cal.App.3d 24 [161 Cal.Rptr. 286]; *In re Carlo S.* (1979) 94 Cal.App.3d 377 [156 Cal.Rptr. 442]; *In re Johnny V.* (1978) 85 Cal.App.3d 120 [149 Cal.Rptr. 180]; *In re Dana J.* (1972) 26 Cal.App.3d 768 [103 Cal.Rptr. 21].) In *Carlo S.*, for example, the court reversed such an adjudication based upon a finding that the minor had obstructed a police officer (see Pen. Code, § 148), an uncharged offense not necessarily included in the assault charge (see *id.*, § 245) which was specified in the petition. In addition to noting the impropriety of sustaining a petition on the basis of uncharged, unincluded offenses (*Carlo S., supra*, at p. 380), the court also expressly rejected the dictum of *Stanley B.* that the appellant should

consider himself "lucky" to have had the more serious original allegation modified, observing: "A proper interpretation of the [*Stanley B.*] proceedings would seem to be that the juvenile court had concluded that the 'more serious offense' had not been established beyond a reasonable doubt, and that the minor was neither 'lucky,' nor the court 'lenient.' It will reasonably be presumed that had the charge been properly supported, the juvenile court would have so found." (*Id.*, at pp. 380-381.)

In our view, application of the principles we have announced in *Lohbauer* and *Arthur N.* to the present case compels the reversal of appellant's adjudication as a ward of the court. While reasonable differences in criminal and juvenile procedures may be constitutionally permissible within other contexts (see *In re Mitchell P.* (1978) 22 Cal.3d 946, 953 [151 Cal.Rptr. 330, 587 P.2d 1144]), we are not persuaded that due process of law is as malleable as the People here contend. We conclude that a wardship petition under section 602 may not be sustained upon findings that the minor has committed an offense or offenses other than one specifically alleged in the petition or necessarily included within an alleged offense, unless the minor consents to a finding on the substituted charge. To the extent that they adopt a contrary view, *Stanley B.* and *Joe R.*, both *supra*, are disapproved.

We reverse the order of the juvenile court adjudicating appellant as a ward of that court pursuant to Welfare and Institutions Code section 602.

Bird, C. J., Mosk, J., Newman, J., Kaus, J., Broussard, J., and Reynoso, J., concurred.

Respondent's petition for a rehearing was denied June 30, 1982.