Filed 5/15/13  In re Edgar G. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re EDGAR G., <br><br> a Person Coming Under the Juvenile Court Law. | B240984 <br><br> (Los Angeles County Super. Ct. No. VJ39236) |
| THE PEOPLE, <br><br>    Plaintiff and Respondent, <br><br>    v. <br><br> EDGAR G., <br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Heidi M. Shirley, Juvenile Court Referee.  Reversed with directions.

Jasmine Patel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

A petition was filed in April 2012 pursuant to Welfare and Institutions Code section 602 alleging appellant Edgar G., then 17 years old, had committed the offenses of unlawfully driving or taking a vehicle, a Honda Pilot belonging to Sophia Diaz (Veh. Code, § 10851, subd. (a); count 1), and receiving stolen property, a backpack (Pen. Code, § 496, subd. (a)).  At the jurisdiction hearing, the People successfully moved to amend the petition to add an allegation of second degree burglary (Pen. Code, § 459) as count 3. The juvenile court subsequently found true counts 1 and 3, but dismissed count 2.  We agree with appellant that the belated amendment of the petition to add the allegation of second degree burglary violated his due process rights.  We reverse the true finding on count 3 and remand for a new disposition hearing.

## FACTS

Sophia Diaz and her husband owned a Subaru Impreza and a Honda Pilot that were parked outside their home in the City of Lakewood on April 2, 2012.  Both cars were locked.  The next morning, Diaz discovered the Subaru had been broken into and the Honda was missing.  The molding on one of the Subaru's doors had been pulled off, the trunk and glove compartments were open, and the contents of the car had been thrown out of the car.  A black backpack belonging to Diaz's husband and a spare key to the Honda were missing from inside the Subaru.

Later that day, Los Angeles County Sheriff's Deputy Elisio Lopez saw appellant driving a Honda matching the description of Diaz's stolen car.  Lopez followed the Honda in his marked patrol car.  The Honda stopped suddenly in a left turn lane, and appellant and a male passenger got out of the car.  Appellant ran into a liquor store, and the passenger fled down an alley.

After appellant ignored Deputy Lopez's orders to stop, the deputy detained him at gunpoint. Appellant was wearing a black backpack. The backpack contained a set of keys, jewelry, a gaming system, and three cell phones.

Diaz identified the car as her missing Honda. She also identified her husband's black backpack and spare key. However, other belongings of hers—prescription sunglasses, two strollers, personal mail and paperwork—were missing from the Honda. Diaz did not give appellant permission to take the Honda.

## PROCEDURAL BACKGROUND

At the April 30, 2012 jurisdiction hearing, Diaz was called as the People's first witness. Before Diaz testified, but after she was sworn as a witness, the prosecutor moved to amend the delinquency petition to add a count of second degree burglary, based on the burglary of Diaz's Subaru. Defense counsel objected to amending the petition "at this late stage." The juvenile court allowed the amendment after the prosecutor represented the proposed count 3 was based on information the Subaru Impreza belonged to Diaz, which had been provided to defense counsel that morning. Diaz then testified concerning the items missing from the Subaru, and Deputy Lopez testified concerning the recovery of some of those items.[1]

At the conclusion of the jurisdiction hearing, the juvenile court found all allegations true, except count 2, receiving stolen property, which the court dismissed. The court declared the remaining offenses felonies.

At the disposition hearing, held immediately thereafter, the court ordered appellant to remain a ward of the juvenile court, directed him into camp community placement and calculated the maximum term of confinement as six and one-half years.

[1] Appellant neither testified nor presented other evidence in his defense at the jurisdiction hearing.

3

## DISCUSSION

As respondent acknowledges, appellant was deprived of his due process rights when the juvenile court allowed the petition to be amended to allege a count of second degree burglary.

"Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." (*In re Hess* (1955) 45 Cal.2d 171, 175.) This due process requirement bars a court from convicting a defendant of any offense "'that is neither charged nor necessarily included in the alleged crime.'" (*People v. Lohbauer* (1981) 29 Cal.3d 364, 368.) These principles apply fully to juvenile criminal proceedings under Welfare and Institutions Code section 602. (*In re Robert G.* (1982) 31 Cal.3d 437, 445.) "'[Due] process requires that a minor, like an adult, have adequate notice of the charge so that he may intelligently prepare his defense. [Citation.]' [Citation.] Compliance with this requirement has been held by the Supreme Court to mandate that the minor 'be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' [Citation.]" (*Id.* at p. 442.) Consequently, "a wardship petition under [Welfare and Institutions Code] section 602 may not be sustained upon findings that the minor has committed an offense or offenses other than one specifically alleged in the petition or necessarily included within an alleged offense, unless the minor consents to a finding on the substituted charge." (*In re Robert G., supra*, at p. 445; see also *In re Johnny R.* (1995) 33 Cal.App.4th 1579, 1583-1585.)

"Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117; see also *In re Marcus T.* (2001) 89 Cal.App.4th 468, 471.)

The parties do not dispute that appellant did not have notice he was charged with the burglary of the Subaru "sufficiently in advance of the hearing" (*In re Robert G.*, *supra*, 31 Cal.3d at p. 442) to prepare a defense to the allegation.[2]  Appellant did not consent to the amendment, and automobile burglary is not a lesser-included offense of either unlawfully driving or taking a vehicle or receiving stolen property under either the elements test or the accusatory pleading test.  (See *People v. Sloan* (2007) 42 Cal.4th 110, 117.)  As the juvenile court erred in allowing the amendment, we reverse the true finding on count 3 and remand for a new disposition hearing.

## DISPOSITION

The finding that appellant committed second degree burglary as alleged in count 3 is reversed.  The matter is remanded for further proceedings as to the disposition.

JACKSON, J.

We concur:

PERLUSS, P. J.

ZELON, J.

---

[2]      Indeed, both the April 4, 2012 detention report and the April 16, 2012 probation report mention only the offenses of unlawfully driving or taking the Honda and receiving stolen property found inside the Honda.