Filed 9/10/15  In re R.F. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E061884 |
| Plaintiff and Respondent, | (Super.Ct.Nos. J256006 & FJ52252) |
| v. | OPINION |
| R.F., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian Saunders, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G.

McGinnis, and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

Following a contested jurisdictional hearing, the Los Angeles County Juvenile Court found true that defendant and appellant R.F. (minor) committed one count of robbery (Pen. Code, § 211) with the use of a deadly and dangerous weapon, to wit, a knife (Pen. Code, § 12022, subd. (b)(1)).[1] After the matter was transferred to San Bernardino County for disposition, the San Bernardino County Juvenile Court declared minor a ward of the court and placed her on probation on various terms and conditions. Minor's sole contention on appeal is that the weapon use enhancement should be reversed because there was insufficient evidence to show that minor's offense was committed during a carjacking and substitution of a lesser enhancement by the juvenile court was not permitted. We reject these contentions and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2014, as Gustavo Garcia was leaving work and walking to his car, minor put a knife to his neck and demanded his phone and wallet. Garcia removed his wallet, which contained $800 in cash, and gave it to minor. Minor then ran away with Garcia's wallet. Garcia followed minor to a Laundromat in his car. When Garcia entered, minor ran out. Garcia continued to pursue minor on foot, and at some point, a bystander joined him. As the two men were chasing minor, minor threw items at them

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

from Garcia's wallet, including $400 in cash.  Police eventually arrived and arrested

minor.  Garcia recovered his wallet and its contents except $320.

On July 7, 2014, a Welfare and Institutions Code section 602 petition was filed

charging minor with two counts of second degree robbery (§ 211)—one count as to

Gustavo Garcia (count 1) and the other as to James Nickerson (count 2).  The petition

also alleged that in the commission of both offenses minor used a deadly and dangerous

weapon, to wit, a knife (§ 12022, subd. (b)(1)).  As to the weapon enhancement, the

petition specifically cited in violation of *subdivision* (*b*)(*2*) of section 12022.

Following a contested jurisdictional hearing on August 12, 2014, the Los Angeles

County Juvenile Court found true the robbery allegation in count 1 as well as the weapon

enhancement alleged as to that count.  The court dismissed count 2 and its attendant

enhancement as no evidence was presented on that count.  In making its findings, the

juvenile court specifically stated, "Court finds count one to be true.  12022 (b) (one)

enhancement is true with a knife.  Count two is dismissed.  Minor is a person described

by section 602 of the Welfare and Institutions Code."  Because minor was living with her

mother in San Bernardino County, the juvenile court transferred the matter to San

Bernardino County for disposition.

On August 20, 2014, the San Bernardino County Juvenile Court accepted the

transfer.  On September 3, 2014, the court declared minor a ward of the court and placed

her in the custody of the probation department on various terms and conditions while she

awaited placement in foster care. The court also ordered minor's parents to comply with a reunification plan and treatment program.

On September 8, 2014, minor filed a notice of appeal from the judgment.

II

DISCUSSION

In regard to the weapon enhancement allegation, the petition specifically stated, "It is further alleged that in the commission and attempted commission of the above offense [second degree robbery], the said minor, personally used a deadly and dangerous weapon(s), to wit, knife, said use not being an element of the above offense [second degree robbery], within the meaning of Penal Code Section *12022*[, *subdivision*] (*b*)(*2*) and causing the above offense to be a serious felony within the meaning of Penal Code section 1192.7[, subdivision] (c)(24)." (Italics added.)

Section 12022, subdivision (b)(1), authorizes an additional and consecutive one-year term of imprisonment for use of a dangerous weapon in the commission of a felony or attempted felony. Section 12022, subdivision (b)(2), states, "If the person described in paragraph (1) has been convicted of carjacking or attempted carjacking, the additional term shall be in the state prison for one, two, or three years." (§ 12022, subd. (b)(2).) There is no dispute here that minor committed second degree robbery, and the juvenile court correctly referred to *subdivision* (*b*)(*1*) of section 12022 when it found true the deadly and dangerous weapon use enhancement.

4

According to minor, the weapon enhancement should be reversed because there was no evidence to show her offense was committed during a carjacking and the juvenile court erred in substituting the lesser enhancement. The People argue that the error in the petition was a clerical error and that minor was on notice of the weapon enhancement under subdivision (b)(1) of section 12022 because the petition stated the language from that subdivision and the juvenile court found minor violated subdivision (b)(1) of section 12022. The People therefore maintain that, under the circumstances of this case, the weapon enhancement under section 12022, subdivision (b)(1), was properly pled and proven.

An error in identifying the statute that renders a defendant's acts unlawful is a pleading defect, even if it continues throughout the proceedings. (*People v. Thomas* (1987) 43 Cal.3d 818, 824-826 (*Thomas*).) As such, it is evaluated in light of the statutory and due process requirements governing the preparation of accusatory pleadings. (*Thomas*, at pp. 824-826.) The purpose of the due process notice requirement is to afford an accused " ' "a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." ' " (*People v. Lohbauer* (1981) 29 Cal.3d 364, 368; *People v. West* (1970) 3 Cal.3d 595, 612.)

The defendant also has the right to notice that the prosecution is seeking enhanced punishment. (See § 1170.1, subd. (e); *People v. Sok* (2010) 181 Cal.App.4th 88, 96, fn. 8; *People v. Hopkins* (1974) 39 Cal.App.3d 107, 113 (*Hopkins*); *People v. Henderson* (1972) 26 Cal.App.3d 232, 238.) When the facts supporting such enhancement are

neither alleged nor found by the trier of fact, the aggravation of sentence cannot stand. (*People v. Ford* (1964) 60 Cal.2d 772, 794, overruled on other grounds in *People v. Satchell* (1971) 6 Cal.3d 28, 35-38; *Hopkins*, *supra*, at p. 113; *People v. Henderson*, *supra*, at p. 238.)

The same reasoning applies in juvenile cases. " '[Due] process requires that a minor, like an adult, have adequate notice of the charge so that he may intelligently prepare his defense. [Citation.]' [Citation.] Compliance with this requirement has been held by the Supreme Court to mandate that the minor 'be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' [Citation.]" (*In re Robert G.* (1982) 31 Cal.3d 437, 442 (*Robert G.*).)

The " 'specific allegations of the accusatory pleading, rather than the statutory definitions of offenses charged, constitute the measuring unit for determining what offenses are included in a charge.' [Citation.]" (*Thomas*, *supra*, 43 Cal.3d at p. 828; § 952.) Consequently, " 'even a reference to the wrong statute has been viewed of no consequence under the circumstances there appearing [citations].' [Citation.]" (*Thomas*, at p. 826.)

Charging the defendant under the wrong statute is "of no consequence" when the defendant has not been prejudiced by the error. (*Thomas*, *supra*, 43 Cal.3d at pp. 826-827.) Prejudice in these circumstances implicates constitutional procedural due process

rights. "The 'preeminent' due process principle is that one accused of a crime must be 'informed of the nature and cause of the accusation.' (U.S. Const., Amend.VI.) Due process of law requires that an accused be advised of the charges against him so that he has a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial. [Citation.] [¶] Thus, the right to defend has two related components, namely, the right to notice of the charges, and the right to present a defense to those charges." (*People v. Jones* (1990) 51 Cal.3d 294, 317, italics omitted; *Thomas*, *supra*, 43 Cal.3d at p. 823, and cases cited therein.) Further, " 'Notice of the particular circumstances of the offense is given not by detailed pleading, but by the transcript of the evidence before the committing magistrate . . . .' [Citations.]" (*Thomas*, *supra*, at p. 829.)

Here, the petition fully informed minor that she was charged with using a deadly weapon, "to wit, knife," in the commission of the second degree robbery. She, therefore, could not be surprised by proof of such use, nor can she say that the preparation of her defense to meet the facts would have been different if the petition had alleged use under the provision of subdivision (b)(1) of section 12022, rather than subdivision (b)(2) of section 12022. (See *Hopkins, supra*, 39 Cal.App.3d at pp. 112-113.) Minor was fully informed that the People were seeking to enhance her sentence for use of a deadly weapon. The question thus presented is whether the misstatement of the subdivision of the code section in the petition, indicating a greater enhancement than that proven at the

7

jurisdictional hearing and found true by the juvenile court, requires reversal of the weapon enhancement.

*People v. Neal* (1984) 159 Cal.App.3d 69 (*Neal*) is instructive. In *Neal*, the information alleged the defendant used a deadly weapon during the commission of rape and oral copulation, within the meaning of section 12022, subdivision (b), which allowed an additional one-year imprisonment. (*Neal*, *supra*, 159 Cal.App.3d at p. 72.) The jury found weapons enhancements true as to each crime. The trial court, however, increased the imprisonment to three years per crime, relying on section 12022.3. Section 12022.3 provides an enhancement for using dangerous weapons during the commission or attempted commission of certain sex crimes. (*Neal*, *supra*, 159 Cal.App.3d at p. 72.)

On appeal, the defendant argued the three-year enhancements should be modified to one year because the information relied on section 12022, subdivision (b), rather than section 12022.3. (*Neal*, *supra*, 159 Cal.App.3d at p. 72.) The *Neal* court held, "[W]here the information puts the defendant on notice that a sentence enhancement will be sought, and further notifies him of the facts supporting the alleged enhancement, modification of the judgment for a misstatement of the underlying enhancement statute is required only where the defendant has been misled to his prejudice. [Citations.]" (*Id*. at pp. 73-74.) Because the defendant could not demonstrate prejudice, the sentence was not reduced. (*Id*. at p. 74.)

Similarly, the petition alleged a weapon enhancement for carjacking, pursuant to section 12022, subdivision (b)(2), but the court found true the enhancement based on

8

subdivision (b)(1) of section 12022. Minor was, or should have been aware, the prosecutor was seeking the one-year additional enhancement for use of a deadly weapon *in the course of a robbery*, based on the allegations in the petition and facts. Minor's challenge to the weapon enhancement is solely based on the fact that the accusatory pleading specified the wrong subdivision of section 12022. She does not contend, nor could she contend, that using a weapon in the commission of a robbery is not a proper enhancement, or that there was no substantial evidence to support the juvenile court's true finding that minor used a knife in the commission of the robbery.

Minor's reliance on *Robert G., supra,* 31 Cal.3d 437 is misplaced. *Robert G.* involved a wardship petition which charged a 14-year-old minor with assault with a deadly weapon. At the contested hearing, the People presented evidence that the minor threw two rocks while he was in a junior high school parking lot, one of which hit a school custodian in the back. (*Id*. at p. 439.) After the People completed their case, the minor moved for acquittal on the ground that the rock was not a deadly weapon. The juvenile court denied the motion, although it agreed that the rock was not a deadly weapon. (*Ibid*.) After the minor rested without presenting evidence, the People argued that the petition should be sustained because the evidence established that the minor committed a battery. Over a defense objection, the juvenile court amended the petition to charge a battery and then sustained the petition pursuant to that new charge. (*Id*. at p. 440.) The *Robert G.* court reversed the judgment, holding that "a wardship petition under section 602 may not be sustained upon findings that the minor has committed an

9

offense or offenses other than one specifically alleged in the petition or necessarily included within an alleged offense, unless the minor consents to a finding on the substituted charge." (*Id*. at p. 445.)

Contrary to minor's arguments on appeal, the purported amendment that occurred in this case did not violate the due process principles elucidated in *Robert G.*, *supra*, 31 Cal.3d 437. The juvenile court here did not add an enhancement that was not alleged in the petition. The language in the petition alleged a weapon enhancement under section 12022, subdivision (b)(1), despite its reference to subdivision (b)(2). The petition alleged that minor "in the commission and attempted commission of the above offense [second degree robbery], the said minor, personally used a deadly and dangerous weapon(s), to wit, knife, said use not being an element of the above offense [second degree robbery] . . . ." There was no dispute that minor was charged with, and the juvenile court found true, that she had committed a robbery as opposed to a carjacking. Accordingly, in making its true finding on the weapon use enhancement, the juvenile court cited to the correct statutory provision. The court's true finding on the weapon enhancement under section 12022, subdivision (b)(1), was not a substitution of the charged enhancement with an uncharged enhancement.

We also reject minor's claim that substitution of a lesser enhancement violates the California Supreme Court's decision in *People v. Wolcott* (1983) 34 Cal.3d 92 (*Wolcott*). In *Wolcott*, the court concluded that assault with a deadly weapon was not a lesser included offense of a robbery charge with a special allegation that the defendant used a

10

firearm in the commission of the robbery. The Supreme Court determined that the section 12022.5 allegation could not be considered in determining whether assault with a deadly weapon was a lesser included offense of robbery. (*Id*. at pp. 98-102.) Here, the juvenile court did not add an uncharged enhancement and minor was provided notice of the weapon enhancement under section 12022, subdivision (b)(1). Accordingly, *Wolcott* is not controlling authority in this case.

Under the circumstances of this case, minor has failed to establish that her right to procedural due process was violated. The weapon enhancement allegation under subdivision (b)(1) of section 12022 was properly pled and proven, and the juvenile court properly cited that subdivision in finding the weapon enhancement allegation true.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


CODRINGTON
J.

11