Filed 3/14/16  In re Jose C. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re JOSE C., a Person Coming Under the Juvenile Court Law. | B264099 |
| | (Los Angeles County Super. Ct. No. KJ39135) |
| THE PEOPLE, Plaintiff and Respondent, v. JOSE C., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Geanene M. Yriarte, Judge.  Affirmed.

Lynette Gladd Moore, under appointment by Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A delinquency petition filed pursuant to Welfare and Institutions Code section 602[1] alleged then-14-year-old Jose C. had committed the offense of bringing or possessing "a knife upon the grounds and within Olive Middle School" in violation of Penal Code section 626.10, subdivision (b). In fact, Penal Code section 626.10, subdivision (b), concerns weapons on public and private college and university campuses; subdivision (a) applies to elementary and secondary schools. After the People presented their evidence, defense counsel moved to dismiss the petition on the ground there was no proof Jose possessed a knife on a college campus. The People moved to amend the petition according to proof. The juvenile court permitted the amendment, sustained the petition as amended, declared Jose a ward of the court and ordered him home on probation. On appeal Jose contends the amendment of the petition after the People had rested their case violated his right to due process. We affirm.

## FACTUAL AND PROCEDURL BACKGROUND

The section 602 petition alleged on January 14, 2015 Jose had committed the offense of bringing or possessing a weapon on school grounds in violation of Penal Code section 626.10, subdivision (b), by bringing and possessing a knife "upon the grounds of, and within, Olive Middle School." At the jurisdiction hearing Felipe Corral, the Baldwin Park Unified School District custodian assigned to Olive Middle School, testified he saw Jose, a student at the middle school, on January 14, 2015 and noticed a knife handle protruding from his pocket. Corral asked Jose to give him the knife, and Jose complied. Asked why he brought the knife to school, Jose stated he had wanted to show it to his friends. The knife was admitted into evidence for the court to examine.

After Corral testified, the People rested their case. The defense then moved pursuant to section 701.1 to dismiss the case because the People had failed to prove the

---

[1]     Statutory references are to this code unless otherwise indicated.

knife was brought to or possessed on a university or college campus, a necessary element of the offense defined in subdivision (b) of Penal Code section 626.10.[2]

The People moved to amend the petition to cite Penal Code section 626.10, subdivision (a),[3] explaining the citation to subdivision (b) was a typographical error. The defense objected to the amendment, arguing that revising the petition to cite a different subdivision prohibiting a different crime violated Jose's due process rights. The defense also argued the amendment was prejudicial because Jose had been eligible for deferred entry of judgment and had declined it because he knew he was not guilty of violating Penal Code section 626, subdivision (b). Had Jose known he was being charged with the crime of bringing a knife onto the middle school rather than a college campus, he may have entertained that option.

The court rejected the defense argument and allowed the amendment, explaining the language of the section 602 petition had provided sufficient notice of the crime alleged and citation to the wrong subdivision was a technicality. The court stated it would grant a continuance if one was necessary for Jose to prepare a defense as a result of the amendment, but Jose's counsel declined the offer.

The juvenile court found the allegation that Jose had brought a knife onto a middle school true beyond a reasonable doubt and sustained the petition as amended. Finding Jose to be a person described by section 602, the court ruled the offense a felony, declared Jose a ward of the court and ordered him placed at home on probation. The

---

[2]    Penal Code section 626.10, subdivision (b), prohibits any person, except a duly appointed peace officer, member of the military or other person acting in a law enforcement capacity, from "bring[ing] or possess[ing] any dirk, dagger, ice pick, or knife having a fixed blade longer than 2 1/2 inches upon the grounds of, or within, any private university, the University of California, the California State University or the California Community Colleges . . . ."

[3]    Penal Code section 626.10, subdivision (a), similarly prohibits persons other than exempted law enforcement officers from bringing a knife and other statutorily defined weapons "upon the grounds of, or within, any public or private school providing instruction in kindergarten or any grades 1 to 12, inclusive . . . ."

3

court denied a defense motion to reduce the offense to a misdemeanor, explaining Jose's prior history in the delinquency system, together with his current offense, suggested that prior reductions had not been effective and further supervision was required.

## CONTENTION

Jose contends the court violated his due process rights as articulated in *In re Robert G.* (1982) 31 Cal.3d 437, 445 (*Robert G.*) in permitting the amendment because the offense defined by Penal Code section 626.10, subdivision (a), was not a lesser included offense of the charged crime and Jose had not consented to the amendment.

## DISCUSSION

Due process requires that a minor have adequate notice of the charge in a delinquency petition so that he or she may intelligently prepare a defense. (*Robert G., supra,* 31 Cal.3d at p. 445; *In re A.L.* (2015) 233 Cal.App.4th 496, 499.) "Compliance with this requirement has been held by the Supreme Court to mandate that the minor 'be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.'" (*Robert G.*, at p. 442; accord, *In re D.W.* (2015) 236 Cal.App.4th 313, 321.)

In *Robert G.* a section 602 petition alleged the 14-year-old juvenile (Robert) had committed "'an assault upon [a victim] with a deadly weapon, to wit, a rock, and by means of force likely to produce great bodily injury, thereby violating [section] 245(a) [of the Penal Code], a Misdemeanor.'" At the jurisdiction hearing the People presented evidence Robert had thrown two rocks, each about one inch in diameter, striking the school custodian in the back. After the People rested, Robert moved for acquittal, in part, on the ground a one-inch rock could not be classified as a deadly weapon. The People asked the court to amend the petition according to proof to allege Robert had committed a battery in violation of Penal Code section 242, even though they acknowledged battery was not a lesser included offense of the aggravated assault that had been charged. Robert

4

objected on notice grounds. The juvenile court permitted the amendment and sustained the petition as amended.

The *Robert G.* Court reversed, finding the amendment violated Robert's due process rights to notice. The Court held, "[A] wardship petition under section 602 may not be sustained upon findings that the minor has committed an offense or offenses other than one specifically alleged in the petition or necessarily included with an alleged offense, unless the minor consents to a finding on the substituted charge." (*Robert G., supra,* 31 Cal.3d at p. 445.) In reaching this conclusion the Court explained it would have found differently had the language of the petition describing Robert's actions encompassed the amended charge: "It is apparently conceded that appellant was not accused of battery in the language of the wardship petition here. The requisite physical contact to the person is nowhere alleged therein. It is also well established that the offense of battery is not necessarily included within the charge of assault with a deadly weapon. Such an assault may, of course, be committed without 'any willful and unlawful use of force or violence upon the person of another' [citation] and thus without a battery." (*Id.* at p. 442.)

Here, in contrast, the section 602 petition expressly alleged that a knife was brought onto Olive Middle School in violation of Penal Code section 626.10, albeit the petition incorrectly referred to subdivision (b) instead of subdivision (a) of the applicable statute. Unlike in *Robert G.,* the conduct constituting the Penal Code section 626.10, subdivision (a), violation was well within the language of the original petition, which provided Jose the requisite notice. To the extent Jose was in any way misled by the citation to subdivision (b), the court was prepared to allow additional time to further prepare his defense. The court did not violate Jose's due process rights in permitting the amendment. (Cf. Pen. Code, § 960 "[n]o accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the

5

defendant upon the merits"]; [4] *People v. Thomas* (1987) 43 Cal.3d 818, 826, 827 ["a valid accusatory pleading need not specify by number the statute under which the accused is being charged"; "the specific [and incorrect] enumeration of 'Section 192.1' in the information is not controlling if the specific language in the accusatory pleading is sufficient to inform the defendant of the charges to which he should prepare a defense"]; *People v. Sok* (2010) 181 Cal.App.4th 88, 96, fn. 8 [no due process violation by citation in information to wrong enhancement provision; constitutional principles of due process are satisfied so long as the information apprises the defendant of the potential for the enhanced penalty and alleges all facts necessary to establish its applicability].)

## DISPOSITION

The jurisdiction finding and disposition order are affirmed.

PERLUSS, P. J.

We concur:

ZELON, J.

BLUMENFELD, J.*

---

[4]     We recognize, pursuant to section 678, the provisions of the Code of Civil Procedure relating to variance and amendment of the pleadings apply to juvenile delinquency petitions, not the provisions of the Penal Code.  Nonetheless, to the extent procedures and practices used in an adult criminal court do not violate a defendant's due process rights, similar procedures applied in juvenile court will also be constitutional.

*     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.