[No. D021308. Fourth Dist., Div. One. Apr. 12, 1995.]

In re JOHNNY R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY R., Defendant and Appellant.

COUNSEL

Greg M. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Deputy Attorney General, M. Howard Wayne and Lora Fox Martin, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**HUFFMAN, J.**—The minor, aged 12 at the time of the offense, was charged in a wardship petition filed with the juvenile court of one count of assault with a deadly weapon in violation of Penal Code[1] section 245, subdivision (a)(1). It was further alleged that the minor inflicted great bodily injury on the victim.

The adjudication hearing commenced on May 25, 1994. On May 26, 1994, the prosecutor filed an amended petition adding an additional count of possession of a dirk or dagger in violation of section 12020, subdivision (a). At the conclusion of the adjudication hearing, the juvenile court sustained the petition and made a true finding as to the section 12020, subdivision (a) charge, and dismissed count 1 of the petition. The minor has appealed the true finding, asserting that his right to be free from being twice placed in jeopardy for the same offense and his due process rights were violated by the amendment of the petition midtrial to add a new, but related, charge. Although we reject the minor's double jeopardy arguments, we find the juvenile court erred in permitting amendment to the petition and reverse the true finding and direct the juvenile court to dismiss the underlying petition.[2]

### Discussion

### I

■ The minor first complains that the amendment of the petition filed with the juvenile court placed him twice in jeopardy for the same offense, thus violating his rights under both United States and California Constitutions. We disagree.

Clearly, the Fifth Amendment ban against double jeopardy applies to juvenile delinquency proceedings. (*Richard M.* v. *Superior Court* (1971) 4 Cal.3d 370, 375 [93 Cal.Rptr. 752, 482 P.2d 664].) In *Richard M.*, the court said: "The protection is not against being twice punished but against twice being put in jeopardy, and it applies whether the accused is convicted or acquitted. [Citation.] A person is in legal jeopardy for an offense ' "when (1) placed on trial (2) for the same offense (3) on a valid indictment or information or other accusatory pleading (4) before a competent court (5) with a competent jury, duly impaneled and sworn and charged with the case;

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] We omit the traditional statement of facts. There is no contention the evidence is insufficient to support the charge for which the minor has sustained a true finding, nor is there any issue raised in the appeal as to the admissibility of the evidence at trial.

or, if the trial is by the court, it must be 'entered upon.' " ' [Citations.] In a court trial jeopardy does not attach until the first witness has been sworn. [Citation.] The court-trial analogy is pertinent here as a jury trial is inapplicable in juvenile proceedings. [Citation.]" (*Id.* at p. 376.)

The minor was placed on trial for the offense of assault with a deadly weapon. The first witness had been called and sworn, thus jeopardy within the meaning of the double jeopardy clause had attached. The amendment of the petition to allege a new offense, however, does not violate the double jeopardy clause. First, the purpose of the amendment was to add a new offense, different than that for which the minor had been placed on trial. Second, the focus of the double jeopardy clause is to prevent acquitted defendants from being retried or defendants harassed by multiple prosecution efforts to rebuild its case in separate proceedings. Here, the trial was ongoing. The minor had neither been acquitted nor convicted. No new or separate proceeding was involved in the amendment process. The minor remained in jeopardy throughout the trial and the case had not yet been resolved at the time the juvenile court permitted the amendment. Once resolved, principles of double jeopardy would prevent retrial of the charge for which the minor was effectively acquitted and for the charge for which he was convicted, absent a reversal of that conviction on appeal. (See generally, *Oregon* v. *Kennedy* (1982) 456 U.S. 667 [72 L.Ed.2d 416, 102 S.Ct. 2083]; *Burks* v. *United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141]; *Ball* v. *United States* (1896) 163 U.S. 662 [41 L.Ed. 300, 16 S.Ct. 1192].) The juvenile court's decision to allow amendment of the petition in the ongoing trial did not violate principles of double jeopardy.

## II

After completion of direct examination of the prosecution's principal witness, the court called counsel into chambers. The court, having heard a weak presentation that could well portend acquittal of the assault charge, suggested a disposition by plea bargain to the offense of possession of a dirk or dagger within the meaning of section 12020. Ultimately, the case was not resolved by plea. However, following a recess that was called to allow the deputy district attorney to confer with his supervisor, the prosecutor returned to the court with a proposed amended petition alleging a second count of the weapons violation originally suggested by the court. It is conceded the violation of section 12020 is not a lesser included offense of the violation alleged in count 1 under section 245, subdivision (a)(1). The minor objected to the amendment, citing the court to the Supreme Court opinion in *In re Robert G.* (1982) 31 Cal.3d 437 [182 Cal.Rptr. 644, 644 P.2d 837].

The trial court overruled the minor's objection, stating: "Obviously the People can file it when they choose to." The court responded to counsel's further objection, stating:

"It is obviously in the discretion of the court as to what is the—as to whether this amendment should be allowed at this stage.

"I note that this particular charge is based upon the fact that it is not new to the case in terms of the information as I know it. Based upon the evidence at this point to base that—that is the opening statement of defense counsel and testimony of Joseph Arias [victim]—that there was never any question as to the fact that Johnny [minor] had a knife and that he used it.

"In that regard, I don't think that there is any surprise. I don't think that the minor is prejudiced in the sense of not being primed to go to trial or to proceed with trial.

"I don't—it seems that on the other hand it is a charge that could have been filed by the People originally if they had screened the case appropriately either by the attorney who reviewed it for screening or the deputy who is preparing it for trial.

"But when I consider the criteria, which included the interests of justice, I'm going to reluctantly allow it.

"My reluctance is that I have a concern that the discussions that we had caused the People to think about this. And for that reason, I feel bad, but I'm going to allow it."

In sum, the juvenile court acknowledged the district attorney had not considered the new charge until the court discussed a possible disposition with counsel midtrial. The court, nonetheless, permitted the amendment.

At the end of the trial, the court expressed a reasonable doubt as to the minor's guilt of the assault charge and dismissed count 1 of the petition. A true finding was entered with regard to the newly added section 12020 charge in count 2.

 The minor contends that the court erred in permitting, over his objection, the late amendment to the petition to add a charge not included in the original offense. We agree.

The Supreme Court in *In re Robert G.*, *supra*, 31 Cal.3d 437 dealt with a similar case where the minor had been charged with assault with a deadly weapon. At the close of the prosecution's evidence, it became apparent that the rock utilized by the minor would not likely qualify as a deadly weapon within the meaning of section 245, subdivision (a)(1). The minor rested

without presenting evidence. The court thereafter permitted, over the minor's objection, the addition of a related but not included offense of battery under section 242. (*In re Robert G., supra,* 31 Cal.3d at p. 440.)

The Supreme Court reversed the true finding, relying on its earlier decision in *People* v. *Lohbauer* (1981) 29 Cal.3d 364 [173 Cal.Rptr. 453, 627 P.2d 183]. In *Lohbauer* the court had stated: "It may be very difficult to ascertain from developments which occur during trial whether a defendant is 'misled to his prejudice' and 'prevented from preparing an effective defense.' It may never be known with any confidence after a conviction what defenses might have been asserted had defendant been given adequate and advance notice of the possible offenses for which he was criminally vulnerable. Insisting that he be informed in the accusatory pleading of the charges against him, on the other hand, fully satisfies a well established fundamental of due process." (*Id.* at p. 370.)

Ultimately, the Supreme Court in *In re Robert G.,* addressing when petitions under Welfare and Institutions Code section 602 can be amended, stated: "We conclude that a wardship petition under section 602 may not be sustained upon findings that the minor has committed an offense or offenses other than the ones specifically alleged in the petition or necessarily included within an alleged offense, unless the minor consents to a finding on the substituted charge." (*In re Robert G., supra,* 31 Cal.3d at p. 445.) The Supreme Court specifically disapproved of earlier Court of Appeal decisions to the contrary. (See also *In re Roy C.* (1985) 169 Cal.App.3d 912 [215 Cal.Rptr. 513].)

The only distinction between this case and *In re Robert G.* is the point in the trial at which the prosecutor was allowed to amend the petition. Here, the amendment was during the prosecution's case, but after the direct examination of its principal witness. In *Robert G.,* it was after the close of evidence. We see no meaningful distinction between the facts of the two cases. The trial here had commenced and the minor had never been put on notice of a need to defend against the weapons charge. Indeed, the minor's counsel's opening statement was used in part by the trial court as justification for her finding that minor's counsel had knowledge of the underlying facts. We, of course, do not know what the opening statement would have been had the section 12020 charge been in the original petition.

Nor are we impressed with the reasons used by the juvenile court to support its exercise of discretion in allowing the amendment. The prosecutor apparently had never considered a weapons charge. It was not until the juvenile court pointed out the weakness of the prosecution's case and the

availability of a weapons charge that the prosecutor belatedly came to life and attempted to shore up its collapsing case with an amendment. Prosecutorial inattention is not a sound basis for the court's exercise of discretion mid-trial to require the accused to face new charges not included within those previously filed. We believe the juvenile court abused its discretion and violated the mandate of *In re Robert G.*

Having determined the court should not have allowed the amendment, we must turn to the remedy. The minor was acquitted of the only charge properly lodged against him. Thus, had the court correctly exercised its discretion, the minor would have been cleared of all charges. Principles of double jeopardy and section 654 would serve as a bar to reprosecution for other related offenses arising from the same transaction. (*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].) Accordingly, we must reverse the true finding as to the weapons charge and remand the case to the juvenile court with directions to dismiss the petition. (*In re Alberto S.* (1991) 226 Cal.App.3d 1459, 1465-1466 [277 Cal.Rptr. 475].)

## DISPOSITION

The judgment is reversed. The case is remanded to the juvenile court with directions to dismiss the underlying petition.

Kremer, P. J., and Nares, J., concurred.