Filed 9/15/16  In re M.S. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | H041832 (Santa Clara County Super. Ct. No. 3-14-JV40521A&B) |
| THE PEOPLE, Plaintiff and Respondent, v. M.S., Defendant and Appellant. | |

In this case, we consider the propriety of a juvenile court order granting the prosecution leave to amend its petition after the close of evidence in a contested jurisdiction hearing in a Welfare and Institutions Code section 602[1] proceeding.  M.S., a minor, stole candy from a store.  Months later, he got into a fight with another minor at school.  As to the theft, the prosecution charged the minor with conduct that if committed by an adult would constitute burglary (Pen. Code, §§ 459, 460, subd. (b)).  After the fight, the prosecution originally charged the minor with conduct that, if committed by an

---

[1] All further unspecified statutory references are to the Welfare and Institutions Code.

adult, would constitute assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).  During the jurisdiction hearing, the court permitted the prosecution to file an amended petition, which added a new count alleging the minor had engaged in conduct that, if committed by an adult, would constitute misdemeanor battery (Pen. Code, §§ 242, 243, subd. (a)).  The juvenile court sustained the burglary and battery counts, dismissed the forcible assault count as unproven, and ordered the minor placed on six months probation without wardship.

The minor contends the juvenile court violated his due process rights and abused its discretion when it allowed the prosecutor to amend its section 602 petition and add the battery count at the jurisdiction hearing.  The minor also asks us to independently review the transcript of the trial court hearing on his motion for discovery of police officer personnel files pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

We conclude the court did not violate the minor's due process rights by permitting the prosecution to amend its petition in the circumstances presented here.  Since the prosecution provided the minor's counsel with a copy of the proposed amended petition weeks before the jurisdiction hearing and said he was filing the amended petition, the minor had notice of the new charge and ample opportunity to prepare to meet the allegations of the amended petition.  The jurisdiction hearing proceeded as if the amended petition had been filed, and the prosecution's failure to file the amended petition appears to have been due to inadvertence.  We have also reviewed the transcript of the in camera hearing on the *Pitchess* motion and conclude the trial court did not abuse its discretion when it found there were no materials in the officers' files that were subject to disclosure.  For these reasons, we will affirm the judgment.

2

*Petition A: Burglary on November 6, 2013*

On November 6, 2013, about 8:30 a.m., the then 13-year-old minor entered a Smart and Final store carrying a large duffle bag. He went to the candy aisle, placed several boxes of candy inside the duffle bag, and walked out of the store without paying for the candy.

Assistant store manager Noel Placido first noticed the minor as he walked toward the exit. When Placido saw the duffle bag, he suspected a theft was about to occur. The minor looked "sneaky" and Placido could see the outline of the candy boxes in the duffle bag. Placido saw the minor walk past the cash registers without paying for the candy, followed the minor out of the store, and said: "Give me my stuff." Initially, the minor denied having the store's property. Placido said "Give me my stuff," again. The minor opened the duffle bag and Placido saw boxes of candy that belonged to the store. The minor gave Placido his name, but lied about where he went to school. Placido took the candy, told the minor he would be calling the police, and let the minor go. The retail value of the candy was $90.44.

The evidence at the jurisdiction hearing included surveillance video, which showed the minor (1) placing the boxes of candy inside the duffle bag, and (2) leaving the store without paying for the candy. Public Safety Officer Bradley Militano investigated the case. He recognized the minor on the surveillance video and contacted him at his school.

*Petition B: Assault and Battery on January 31, 2014*

On January 31, 2014, the minor got into a fight with another minor, H.H., at school. There had been a confrontation between the two boys a few weeks earlier. The

minor "got in [H.H.'s] face." H.H. felt threatened, pushed the minor away, and walked away. The minor came up to him and said he wanted to fight. H.H. agreed to fight, but nothing happened that day.

On January 31, 2014, during the lunch break, H.H. was sitting near the science labs with his friends. The minor came up and spit on H.H. two or three times. The spit landed on H.H.'s face and "dripped down [his] shirt." H.H. was angry. But he said nothing and walked away.

After the minor left, H.H.'s friends pressured him to confront the minor. H.H. went looking for the minor, hoping to catch him off guard, and found him near a restroom. H.H. started swinging at the minor; the minor kept ducking and none of H.H.'s blows landed. Someone said a teacher was coming, so the boys separated. The minor then came up behind H.H., and punches started "flying." The minor punched H.H. in the left jaw. H.H. hit his head on a wall and fell to the ground. H.H. recalled hitting the minor right before hitting his head on the wall.

Four middle school students who saw the fight testified at the jurisdiction hearing. There was conflicting testimony on the question whether the minor kicked H.H. while H.H. was on the ground. H.H. testified that the minor punched him while he was on the ground, but did not kick him. Officer Militano and Officer Brian Gantt investigated the fight.

## PROCEDURAL HISTORY

### *Filing of Wardship Petitions*

On February 13, 2014, the prosecution filed a wardship petition that charged the minor with a single count: engaging in conduct that, if committed by an adult, would constitute second degree burglary of the Smart and Final store (Pen. Code, §§ 459, 460, subd. (b)), a felony (hereafter "Petition A" or "A petition").

4

On February 27, 2014, the prosecution filed a second wardship petition charging the minor with a single count arising out of the fight at school: engaging in conduct that, if committed by an adult, would constitute assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), a felony (hereafter "Petition B" or "B petition").

*Pitchess Motion*

In May 2014, the minor filed a motion pursuant to *Pitchess*, *supra*, 11 Cal.3d 531, seeking discovery from both Officer Militano's and Officer Gantt's personnel files. The minor's motion argued that the officers did not investigate whether he was acting in self defense after the spitting incident even though H.H. admitted that he confronted and swung at the minor. The minor, who is African-American, argued that the failure to investigate was racially motivated and "that these officers routinely fail to investigate the claims of a legal defense based on an individual's race, color, religion, sex, or national origin." Among other things, the minor sought discovery of: (1) discriminatory charging practices, detentions, or arrests based on race, color, religion, sex or national origin; (2) falsifying evidence; (3) false statements in reports; (4) moral turpitude; or (5) dishonesty.

The city produced the officers' personnel files for in camera inspection on June 10, 2014. A custodian of records for the city and the city's attorney attended the in camera hearing. Neither the prosecutor nor the minor's counsel was present. A court reporter was present. After reviewing materials in the officers' personnel files and describing the contents of those files on the record, the court concluded that there was nothing to disclose or protect, and ordered the record of the in camera inspection sealed.

*Amendment of Petition B*

In late July or early August 2014, after settlement negotiations were unsuccessful, the prosecutor notified the minor's counsel that he "would be amending the B petition to add a simple battery charge as a misdemeanor for the Minor's act of spitting on [H.H.]." The prosecutor "printed and signed an amended B petition containing that additional charge" and handed a copy of the amended petition to the minor's counsel. The amended petition was dated July 30, 2014.

*Contested Jurisdiction Hearing*

When the jurisdiction hearing began on August 19, 2014, the court asked whether it was trying both petitions, "the A and the B?" The prosecutor responded, "Yes. The 245 [(forcible assault charge)] also has a battery charge with it." The minor's counsel did not dispute that both a forcible assault and a battery had been charged in the amended Petition B. Indeed, while cross-examining Officer Militano, the minor's counsel asked the officer whether the officer had responded to "the battery incident . . . that occurred on January 31st."

When the prosecutor called H.H. as a witness, the court asked whether H.H. would be testifying about the burglary. The prosecutor responded, "No. This is now on the B petition, which is a 243(a) and [a] 245." The minor's counsel did not object to the prosecutor's description of the charges. Later, when the minor's counsel moved to strike one of H.H.'s answers, the court questioned its relevance. The prosecutor responded, "The People would stipulate that . . . , the spitting is the battery that we've charged. As to the 245, there's more evidence to come, but we would stipulate [H.H.] started the second confrontation." Defense counsel did not dispute that both a battery charge and an assault charge were before the court.

6

Right before closing arguments, the court asked the prosecutor to "reaffirm the actual charging documents," stating: "I have an A petition. Count 1 is the [burglary], and then I have a B petition. Count 1 is the 245(a)(4). That's what I have." The prosecutor stated that "there was an amended B petition that should be in the Court file." The court asked to see the amended petition and whether it had a second count. The prosecutor stated, "Yes, of a simple battery." The minor did not dispute the prosecutor's description of the charges.

In argument regarding Petition B, the prosecutor stated that "the battery, the second charge relates to the spitting, Your Honor." The prosecutor argued that when the minor spit on H.H., he was trying to "start a fight. That's not self-defense. That's a battery. It's a rude, angry touching." The prosecutor then conceded that H.H. "started that second fight by swinging at" the minor and that is when the minor swung back and punched H.H., the minor was "justifiably using self-defense." The prosecutor argued, however, that (1) any self-defense motive was extinguished once H.H. was on the ground; (2) the assault occurred when the minor started kicking H.H. after H.H. fell to the ground; and (3) the kicking involved force the was likely to cause great bodily injury.

After the prosecutor concluded his argument, the court asked for a copy of the amended Petition B, stating, "I just want to make sure it's actually been filed." The minor's counsel stated, "My copy is not file stamped, and I only have the front page." The prosecutor said he had a copy of the amended Petition B, which was not file stamped, and that he had previously provided a copy of the amended petition to the minor's counsel. The prosecutor stated that the amended petition either had not been filed or was still in the clerk's office. He then made a motion "to amend to conform to proof for spitting" in the event that the amended petition had not been filed, stating that he had previously provided notice to the minor by providing his counsel with a copy of the amended petition.

7

The court asked if there was any objection and the minor's counsel stated: "Your Honor, my belief is because the evidence has already come in that we can't amend the charges at this point. I will acknowledge I knew the district attorney was doing it. I do have the copy of the charges in my file, but if it was not filed then I would object at this time to an amendment of the charges." It was undisputed that battery is not a lesser included offense of assault by means of force likely to produce great bodily injury. The prosecutor responded that a motion to amend to conform to proof is routinely granted when there is no prejudice and argued there was no prejudice in this case because he provided the minor's counsel "ample notice" of the amendment a month earlier, including a copy of the amended petition. When the court asked whether that was true, the minor's counsel stated, "I said if it wasn't filed I would object." The court stated: "I'm going to accept the amendment. I think you [had] plenty of notice it was filed by [the prosecution], and it may very well be upstairs in the filing room. [¶] So it is file stamped, okay. I am going to accept it." The court filed the amended Petition B on August 20, 2014.

The court found that the burglary charged in Petition A had been proven beyond a reasonable doubt. On Petition B, the court found that the forcible assault charged in count 1 had not been proven beyond a reasonable doubt because the evidence of injury did not "rise to the level of force that could produce great bodily injury," and dismissed that count. But the court did find sufficient evidence to sustain the battery charge in count 2, which was added by the amended Petition B, based on the "spitting that occurred."

On August 25, 2014, the prosecutor filed a dispositional brief, which also addressed the amendment of Petition B. In a declaration, the prosecutor described his pretrial discussions with opposing counsel regarding the amendment of Petition B in late July or early August. The prosecutor stated that the minor's counsel did not object to the

8

amendment at that time and opined that the "lack of objection made sense . . . since the amendment to add a simple battery charge" was based on facts from the original police reports, which were "known to the defense from the outset . . . ." The prosecutor stated that while it appeared the amended Petition B had inadvertently not been filed, both counsel "assumed it had been filed." The prosecutor added that "at several points during the contested jurisdictional hearing" he had said he had filed an amended Petition B "with no contrary indication or puzzled looks from the defense," and argued that the court properly granted the motion to amend.

The minor filed a dispositional brief in which he objected to the amendment of Petition B. The minor stated that on or before August 6, 2014, his counsel received "an unfiled proposed petition" adding the battery charge. The minor added that he did not personally attend the August 6, 2014 readiness conference. His counsel was present, but there was no mention of the amended petition and he was never arraigned on the amended petition. The minor argued that Petition B could not be amended to add a battery count after the close of evidence when that crime was not a lesser included offense of assault by means of force likely to produce great bodily injury. The minor's counsel did not file a declaration in support of his brief.

On September 10, 2014, the court heard argument regarding disposition and the propriety of permitting the amendment of Petition B. The prosecutor stated that when he handed the minor's counsel a copy of the amended Petition B, he told him he would be filing it that day, thus the minor had written notice of the amendment weeks before trial.

On October 15, 2014, the court filed a written order addressing the amended petition and other issues. As to the amendment of Petition B, the court ruled: "Here, as in *In re Robert G.* [(1982) 31 Cal.3d 437 (*Robert G.*)] and *In re Johnny* [*R.* (1995) 33 Cal.App.4th 1579 (*Johnny R.*)], the subject wardship petition was not amended until after the commencement of trial. There is also no dispute that the battery charge is not a lesser

included offense of the original charge of assault with force likely to produce great bodily injury. In consideration thereof, Minor urges that the B-petition was not properly amended. However, in striking contrast to *In re Robert G.* and *In re Johnny* [*R.*], Minor received advance written notice of the subject amendment. While the copy of the amended petition furnished to Minor's counsel several weeks prior to the contested jurisdiction hearing did not bear a file-stamp, the prosecuting attorney apparently articulated that the amended petition would be filed and did not give Minor's counsel any impression that there was a possibility he might ultimately decide not to file the amended pleading. Moreover, as pointed out by the People, the contested jurisdiction hearing proceeded on all fronts as though the amended B-petition had been filed. As such, the fact that the amended B-petition had not been physically filed prior [to] the close of evidence did not deprive Minor of procedural due process, and the belated filing was more in the nature of an administrative or clerical matter. Under these particular circumstances, the Court finds that the technical completion of the amendatory process after the close of evidence was appropriate."

At the disposition hearing on December 1, 2014, the parties and the court agreed that in light of the passage of Proposition 47 (the Safe Neighborhoods and Schools Act) in November 2014, the felony burglary count should be reduced to misdemeanor shoplifting (Pen. Code, § 459.5). The court granted the minor six months probation without wardship, subject to various terms and conditions. The court also ordered $436 in victim restitution to H.H. based on the battery (spitting) only.

## DISCUSSION

### I. *Amendment of the Wardship Petition*

The minor contends the juvenile court abused its discretion by allowing the prosecutor to amend Petition B after the close of evidence and thereby violated his

10

constitutional right to due process. We review the juvenile court's order authorizing the amendment for an abuse of discretion. (*In re D.W.* (2015) 236 Cal.App.4th 313, 321 (*D.W.*); see *Johnny R.*, *supra*, 333 Cal.App.4th at pp. 1584-1585.)

Due process requires that a minor, like an adult, have adequate notice of the charges in a wardship proceeding under section 602 so that he or she may intelligently prepare a defense. (*Robert G.*, *supra*, 31 Cal.3d at p. 442, citing *In re Gault* (1967) 387 U.S. 1, 33.) "Compliance with this requirement has been held by the [United States] Supreme Court to mandate that the minor 'be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' " (*Robert G.*, at p. 442, citing *In re Gault*, at p. 33)

In *Robert G.*, the prosecution charged a 14-year-old minor in a wardship petition with assault with a deadly weapon. At a contested jurisdiction hearing, the prosecution presented evidence that while in a school parking lot, the minor threw two rocks. One of the rocks, which was about one inch in diameter, struck the school custodian in the back. (*Robert G.*, *supra*, 31 Cal.3d at p. 439.) After the prosecution rested, the minor moved for acquittal on the ground that the rock was not a deadly weapon. Although the juvenile court agreed that the rock was not a deadly weapon, it denied the motion. (*Ibid*.) After the minor rested without presenting evidence, the prosecutor argued that the petition should be sustained because the evidence established that the minor had committed a battery. The prosecutor acknowledged that battery was not a lesser included offense of assault with a deadly weapon. The prosecutor argued that the minor would not be prejudiced by amending the petition to conform to the evidence and sustaining it as amended. Over the minor's objection, the juvenile court amended the petition to charge a battery and sustained the petition as amended. (*Id*. at p. 439-440.) The Supreme Court reversed the judgment, holding that "a wardship petition under section 602 may not be

11

sustained upon findings that the minor has committed an offense or offenses other than one specifically alleged in the petition or necessarily included within an alleged offense, unless the minor consents to a finding on the substituted charge." (*Id*. at p. 445.)

The *Robert G.* court observed that pursuant to section 678, the provisions of the Code of Civil Procedure, not the Penal Code, apply to the amendment of wardship petitions so long as those provisions comport with due process. (*Robert G.*, *supra*, 31 Cal.3d at p. 443; *In re Man J*. (1983) 149 Cal.App.3d 475, 480-481 (*Man J.*).) In *Robert G.* and *In re Arthur N*. (1976) 16 Cal.3d 226 (*Arthur N.*), (superseded by statute on another ground as stated in *John L. v. Superior Court* (2004) 33 Cal.4th 158, 185, 186), the California Supreme Court "reconciled the liberal civil rules with the requirements of due process by limiting amendments of the offense charged to amendments charging a lesser offense either necessarily included in the offense charged or expressly pleaded in the charging allegations." (*Man J*., at p. 481, citing *Robert G.*, at pp. 442-443 and *Arthur N*., at p. 233.)

The minor here relies on *Johnny R.*, *supra*, 33 Cal.App.4th 1579. The minor in *Johnny R*. was charged in a wardship proceeding with one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). (*Johnny R*., at p. 1581.) During the jurisdiction hearing, after the prosecutor completed the direct examination of his main witness, the court called counsel into chambers. "[H]aving heard a weak presentation that could well portend acquittal of the assault charge," the court suggested a plea bargain to the offense of possession of a dirk or dagger (Pen. Code, § 12020). (*Johnny R*., at p. 1582.) The case did not settle. After a recess, the prosecutor returned to court with a proposed amended petition alleging possession of a dirk or dagger as a second count. It was undisputed that the new charge was not a lesser included offense of assault with a deadly weapon. The minor objected, citing *Robert G*. (*Ibid.*) The juvenile court permitted the amendment, reasoning that the minor was not prejudiced in his trial preparations since there was

12

"never any question" that he had a knife. (*Id.* at p. 1583.) At the end of trial, the juvenile court expressed a reasonable doubt as to the assault charge and dismissed that count, but sustained the petition as to the possession of a dirk or dagger count.

The appellate court concluded the juvenile court abused its discretion and violated the mandate of *Robert G.* by permitting the amendment after the juvenile court pointed out the weakness in the prosecution's case and suggested the alternative charge. (*Johnny R.*, *supra*, 33 Cal.App.4th at pp. 1584-1585.) The appellate court stated: "Prosecutorial inattention is not a sound basis for the court's exercise of discretion mid-trial to require the accused to face new charges not included with those previously filed." (*Id.* at p. 1585.) The court held that the fact that the amendment occurred earlier in the proceedings than in *Robert G.*—after the prosecution's main witness but before the close of evidence—was not a meaningful distinction since the minor was not put on notice of the need to defend the weapons charge before the trial started. (*Id.* at p. 1584.)

Both parties cite *Man J.*, *supra*, 149 Cal.App.3d 475. The wardship petition in *Man J.* charged the minor with malicious destruction of property (Pen. Code, § 594), " 'to wit; cars not his own, belonging to S. Wagner.' " (*Man J.*, at p. 478.) At a contested jurisdiction hearing, the prosecution presented evidence that the minor and other youths had run across the tops of several cars in a parking lot, leaving footprints, dents, and broken windshields on the cars. At least six cars had footprints and dents on them; four had broken windshields. Only one of the cars belonged to Wagner. Her car had a broken windshield and footprints on the hood. In a statement to police, the minor admitted running across several cars, but denied breaking any windshields. (*Id.* at pp. 478-479.) At the close of the prosecution case, the minor's counsel said he had no witnesses or other evidence and asked that the petition be dismissed. "The court amended the petition to allege the destruction of 'cars, not his own, belonging to S. Wagner *and others*' . . . , and denied the motion to dismiss without prejudice to the minor proceeding with his case.

13

The court thereupon granted [the minor's] request to offer evidence on the issue of the condition of the other vehicles." (*Id.* at pp. 478-479; original italics.)

On appeal, the minor in *Man J.* argued that he was denied due process by the court's amendment of the petition to conform to proof. The appellate court concluded he the case was distinguishable from *Robert G.* because the petition in *Man J.* "was amended not to charge a new offense, but to change the factual allegations supportive of the offense charged." (*Man J.*, *supra*, 149 Cal.App.3d at p. 479.) The court concluded "that the juvenile court has discretion to permit amendment of a juvenile court wardship petition to correct or make more specific the factual allegations supportive of the offense charged when the very nature of the charge remains unchanged. In the present case the court permitted the juvenile to respond to the factual issue of damages to the other cars raised by the amendment. In the absence of a showing of prejudice, amendment of the petition was not an abuse of discretion." (*Id.* at p. 481.)

The amendment here added a new charge and did not simply add or change the factual allegations of Petition B to conform to proof. This case is, therefore, more like *Robert G.* and *Johnny R.* than *Man J.* But unlike the minors in *Robert G.* and *Johnny R.*, the minor here was "put on notice of the need to defend the [battery] charge" before the trial started. (*Johnny R.*, *supra*, 33 Cal.App.4th at p. 1584.)

Although the Attorney General cites *D.W.*, *supra*, 236 Cal.App.4th 313, neither party discusses its facts or holding. We find *D.W.* instructive. The minor in *D.W.* was charged with multiple offenses in a series of wardship petitions. (*Id.* at pp. 316-317.) He was adjudged a ward of the court based on the original wardship petition, and placed on probation. (*Id.* at p. 316.) Two supplemental petitions were filed in 2013, and the second supplemental petition was amended twice prior to a contested jurisdiction hearing. After the first amendment, the second supplemental petition alleged three counts. Count 1 was admitted and is not relevant to our discussion. Counts 2 and 3 were disputed and were to

14

be tried at the jurisdiction hearing. Count 2 alleged that while in juvenile hall, the minor committed a felony battery by gassing (Pen. Code, § 243.9) when he spit in the eye of a juvenile hall employee. Count 3 alleged felony possession of a dirk or dagger (Pen. Code, § 21310). (*Id.* at p. 317.)

At the beginning of the jurisdiction hearing on the second supplemental petition in *D.W.*, the prosecution asked the court to take judicial notice of the fact that juvenile hall is a " 'local detention facility' " within the meaning of Penal Code section 243.9. The minor's counsel objected, arguing that the nature of the facility is an element of the offense. The juvenile court stated that, based on the statutory definition, it was inclined to dismiss count 2 because the prosecution would not be able to prove that juvenile hall is a "local detention facility," and continued the hearing to October 21, 2013, without taking evidence, so the parties could brief the issue. (*D.W.*, *supra*, 236 Cal.App.4th at pp. 317-318.)

On October 3, 2013, the prosecution in *D. W.* filed a motion to amend the second supplemental petition again to add a new charge as count 4: felony battery with injury on a peace officer (Pen. Code, § 243, subd. (c)). (*D.W.*, *supra*, 236 Cal.App.4th at pp. 317-318.) At the continued jurisdiction hearing, the prosecution conceded that the count 2 charge only applied to adult facilities and moved to dismiss that count. The court dismissed count 2 and granted the motion to amend to add count 4, over the minor's objections. The court confirmed that the minor's counsel had received notice of the proposed amendment on October 3. The minor continued to object, so the court agreed to reconsider its ruling if the defense wanted to brief the issue and continued the jurisdiction hearing without taking evidence. The minor then filed a motion to dismiss count 4, which was denied. (*Id.* at p. 318.) The evidence portion of the jurisdiction hearing was held on December 23, 2013. Three juvenile hall staff, including the injured officer testified. (*Id.* at pp. 318-320.) The juvenile court sustained the charges on both

15

count 3 (possession of a dirk or dagger) and count 4 (battery with injury on a peace officer).  (*Id.* at p. 320.)

On appeal in *D.W.*, the minor argued, among other things, that the juvenile court erred when it permitted the amendment to add count 4.  (*D.W.*, *supra*, 236 Cal.App.4th at p. 321.)  The appellate court concluded that the amendment did not violate the due process principles elucidated in *Robert G*.  The court reasoned that both offenses the minor was found to have committed were specifically alleged in writing in the amended petition "that was served on D.W. on October 3, 2013.  Before the juvenile court accepted that version of the petition, it expressly confirmed that D.W. had received the October 3 notice of the proposed amendment.  And, after the amendment was made, D.W. was provided additional time to prepare to defend the new charge.  Indeed, the evidentiary hearing did not proceed until more than two months after the amendment was made.  Furthermore, the battery with injury charge was based on exactly the same conduct by D.W. which gave rise to the criminal charges in prior versions of the petition.  Under these circumstances, D.W. has failed to establish that his right to procedural due process was violated."  (*D.W.*, at p. 322.)  The *D.W.* court also distinguished *Johnny R.*, stating:  "The amendment in this case was not authorized in the middle of a trial or in order to salvage a weak case.  Here, before any witness testified, the parties briefed and argued an issue of law which led the prosecutor to conclude that an amendment was necessary in order to properly address the conduct which gave rise to the supplemental petition.  Furthermore, D.W. received written notice of that amendment two months before the People presented evidence against him and nothing in the record suggests that D.W. needed more time to prepare his defense."  (*Ibid.*)

In our view, the circumstances presented here are analogous to those in *D.W.* Between July 30 and August 6, 2014—two to three weeks before the jurisdiction hearing—the prosecutor handed a copy of the amended Petition B, which contained the

16

battery charge, to the minor's counsel and said he would be filing the petition that day. The minor's counsel did not object to the proposed amendment at that time. This made sense to the prosecutor because it was known from the police reports that "the incident began when the minor spit on [H.H.]." As the juvenile court noted, the jurisdiction hearing proceeded as if the amended Petition B had been filed. At the beginning of the hearing, the prosecutor stated that he was trying both the forcible assault and battery charges. He mentioned both counts in the amended Petition B again when he called H.H. to the stand. And when the minor's counsel moved to strike one of H.H.'s answers, the prosecutor stated that the battery count was based on the spitting. At the beginning of his argument, the prosecutor described the amended petition again and said it contained a battery count. He then argued the merits of the battery charge. The minor did not dispute that a battery was before the court at any of those points. In fact, the minor's counsel referred to the "battery incident" when cross examining Officer Militano.

Here, as in *D.W.,* the battery charge was specifically alleged in the amended Petition B that the prosecutor personally served on the minor's counsel between July 30 and August 6, 2014. (*D.W. supra*, 236 Cal.App.4th at p. 322.) The prosecutor said he was filing the amended petition that day and there was no evidence that the failure to actually file the amended petition was due to anything other than inadvertence or and "administrative or clerical" error, as the juvenile court stated. As in *D.W.*, before accepting the amendment, the court confirmed that that minor had received notice of the amended petition. The minor's counsel said he knew the prosecutor was amending the petition and stated that he had a copy of the amended petition in his file. (*Ibid.*) The evidentiary hearing did not proceed until two or three weeks after the minor received notice of the amended petition, the battery charge was based on conduct that was known at the beginning of the case, and nothing in the record suggests the minor needed more time to prepare to defend the battery charge. (*Id.* at pp. 322, 323.) As in *D.W.*, the minor

17

has failed to establish that the court abused its discretion or violated his right to procedural due process.

The minor argues that he was not personally present at the readiness conference on August 6, 2014, when both sides announced they were ready to proceed to trial. He asserts that no mention was made of the proposed amendment at that time, that he had a right to be re-arraigned after Petition B was amended, and that while that right may be waived, he was not given the opportunity to do so. He asserts, therefore, that he did not consent to a finding on the battery charge. The readiness conference was not reported. The minute order indicates the minor expressly waived his presence at that conference. The minor was present at the two-day jurisdiction hearing. As we have noted, the prosecutor stated, at the beginning of the jurisdiction hearing and repeatedly throughout the proceeding, that the charges included the battery count in amended Petition B. The minor did not object that he had never been arraigned on that count until he filed his dispositional brief two weeks *after* the jurisdiction hearing. In our view, the minor's failure to object at the jurisdiction hearing waived arraignment on the battery count.

The minor argues that he was not given adequate notice of the battery charge because the copy of the amended Petition B the prosecutor served on him was not file-stamped. He argues he was never advised of the charge, "but instead he was advised of the *potential* charges against him." The authority the minor cites does not require service of a file-stamped copy of the amended petition. And as we have explained, the minor's counsel conceded that he had received the amended petition and the trial proceeded as if that petition had been filed.

For these reasons, we conclude the trial court did not abuse its discretion or violate the minor's right to procedural due process when it granted the prosecution's request to file the amended Petition B.

18

## II. Review of Confidential Transcript of Pitchess Hearing

As requested by the minor, we have independently reviewed the confidential transcript of the in camera hearing on the *Pitchess* motion. We conclude that the appellate record of the in camera hearing is adequate for review, and that the trial court did not abuse its discretion when it found that there was nothing in the officers' personnel files to disclose or protect. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1230.)

### DISPOSITION

The judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

GROVER, J.

*People v. M.S.*
**H041832**

20